KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-4716
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAIME ALFONSO ZEVADA-<br>RODRIGUEZ, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> ) | Criminal Case No. 08cr0365-BTM <br><br> **GOVERNMENT'S MOTION FOR:** <br><br> **(1) FINGERPRINT EXEMPLARS** <br> **(2) RECIPROCAL DISCOVERY** <br><br> **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:   April 4, 2008 <br> Time:  1:30 p.m. <br> Court: The Hon. Barry Ted Moskowitz |

     COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. This Motion is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//
//
//
//

Criminal Case No. 08cr0365-BTM

# I

# STATEMENT OF FACTS

**A.  Defendant's Apprehension**

On December 19, 2007, at approximately 11:00 a.m., United States Border Patrol Agent Timothy Tucciarone responded to a seismic intrusion sensor near Bell Valley, California, located approximately 4 miles east and ½ mile north of the Tecate Port of Entry. Agent Tucciarone encountered three individuals attempting to hide in the brush. All three subjects, including one later identified as Jaime Alfonso Zevada-Rodriguez ("Defendant"), admitted to being citizens and nationals of Mexico with no documents to be in the United States legally. All three individuals were arrested and transported to the Tecate Processing Center.

At the Tecate Processing Center, a records check revealed that Defendant had a criminal and immigration history.

**B.  Defendant's Criminal and Immigration History**

Defendant's prior felony convictions include a January 22, 2003, conviction in the California Superior Court in Santa Clara for Inflicting Corporal Injury on the Mother of Defendant's Child in violation of California Penal Code Section 273.5(a), for which he received a sentence of 2 years. On November 17, 2003, Defendant sustained a conviction in the same court for Possession of a Controlled Substance in violation of California Health & Safety Code Section 11377(a), for which he received a sentence of eight months. Defendant also has numerous misdemeanor convictions, including a March 7, 2003, conviction in the California Superior Court in San Jose for Stalking in violation of California Penal Code Section 646.9(a) and Violation of a Court Order to Prevent Domestic Violence in violation of California Penal Code Section 273.6(a), for which he received four years probation. Defendant also has a misdemeanor conviction from October 28, 2003, from the California Superior Court in San Jose for Willful Cruelty to a Child in violation of California Penal Code Section 273A(b).

Defendant appeared before Immigration Judge John Williams via video-conference for a deportation hearing on October 12, 2004, and was ordered removed to Mexico. Defendant was physically removed from the United States to Mexico on October 13, 2004.

//

**C.     Defendant's Post-Miranda Confession**

On December 19, 2007, at 1:45 p.m., Defendant was read his Miranda rights by Border Patrol Agent Luis Martinez.  Defendant agreed to waive his rights and speak to agents without an attorney. He admitted to being a citizen and national of Mexico with no documentation to enter or remain in the United States legally.  He stated that he was born in Mexico on January 31, 1970.  He further admitted that he has been previously deported from the United States at the Calexico Port of Entry.  He stated that he was heading to Los Angeles, California.

## II

## UNITED STATES' MOTIONS

**A.     FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert.  See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution).  The privilege against self-incrimination only applies to testimonial evidence.  See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).  Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.     RECIPROCAL DISCOVERY**

The Government has and will continue to comply with its discovery obligations.  On January 9, 2008, the Government produced 39 pages of discovery to Defendant's original attorney, Mahir T. Sherif, including the reports from the Border Patrol Agents, summaries of the statements made by Defendant, documentation regarding Defendant's criminal history and conviction documents, as well as documentation regarding Defendant's immigration history.  The Government is still awaiting additional materials, including the deportation hearing tape, and will produce those materials as soon as they are available.

The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to

1  disclose to the United States all exhibits and documents which Defendant "intends to introduce as
2  evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for
3  opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal
4  Rules of Evidence.

## III

## CONCLUSION

For the foregoing reasons, the Government requests that the Court grant the Government's motion for reciprocal discovery and compelling the Defendant to provide a fingerprint exemplar.

DATED: April 4, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


/s/*Rebecca Kanter*
REBECCA S. KANTER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

4    Criminal Case No. 08cr0365-BTM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr0365-BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| JAIME ALFONSO ZEVADA-RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of **MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Christian De Olivas

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on April 4, 2008.

                                              /s/ ***Rebecca Kanter***
                                              REBECCA S. KANTER