KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
CHRISTINA M. McCALL
Assistant U.S. Attorneys
California State Bar No. 230257, 234139
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747 or 6760
Fax: (619) 235-4716

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr0365-BTM |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S TRIAL MEMORANDUM** |
| | ) | |
| v. | ) | Date:  April 14, 2008 |
| JAIME ALFONSO ZEVADA-RODRIGUEZ, | ) | Time:  9:00 a.m. |
| | ) | |
| Defendant. | ) | |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorneys Rebecca S. Kanter and Christina McCall, hereby files its Trial Memorandum. This memorandum is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//
//
//
//

**I**

Criminal Case No. 08cr0365-BTM

# I

# STATEMENT OF THE CASE

### A.    INDICTMENT

On February 13, 2008, a federal grand jury for the Southern District of California returned a one-count Indictment against Defendant, charging him with being an alien who was found in the United States without the consent of the Attorney General or the Secretary of Homeland Security, after having been previously excluded, deported, or removed, in violation of Title 8 U.S.C. § 1326. The Indictment further alleged that Defendant was removed from the United States subsequent to January 9, 2004, the date of his prior aggravated felony convictions.

### B.    TRIAL STATUS

Trial is scheduled for Monday, April 14, 2008, at 9:00 a.m. before the Honorable James Lorenz. The United States anticipates that its case-in-chief will last one day.

### C.    STATUS OF COUNSEL

Defendant is represented by Christian DeOlivas, retained counsel.

### D.    CUSTODY STATUS

Defendant is in custody.

### E.    INTERPRETER

The United States does not need an interpreter for any of its witnesses.

### F.    JURY WAIVER

Defendant has not waived trial by jury.

### v.    PRETRIAL MOTIONS

Because this case was short-set for trial due to concerns about the Speedy Trial Act, no substantive motions have been filed, except for the United States' motion to compel fingerprint exemplars, which was filed on April 4, 2008.

The Court set a motion *in limine* date and trial date of April 14, 2008..

### H.    STIPULATIONS

The Government does not anticipate any stipulations in this case.

**I.  DISCOVERY**

The United States is complying with its discovery obligations. Defendant has not provided any reciprocal discovery.

**II**

**STATEMENT OF FACTS**

**A.  Defendant's Apprehension**

On December 19, 2007, at approximately 11:00 a.m., United States Border Patrol Agent Timothy Tucciarone responded to a seismic intrusion sensor near Bell Valley, California, located approximately 4 miles east and ½ mile north of the Tecate Port of Entry. Agent Tucciarone encountered three individuals attempting to hide in the brush. All three subjects, including one later identified as Jaime Alfonso Zevada-Rodriguez ("Defendant"), admitted to being citizens and nationals of Mexico with no documents to be in the United States legally. All three individuals were arrested and transported to the Tecate Processing Center.

At the Tecate Processing Center, a records check revealed that Defendant had a criminal and immigration history.

**B.  Defendant's Criminal and Immigration History**

Defendant's prior felony convictions include a January 22, 2003 conviction in California Superior Court, Santa Clara County. That conviction, for Inflicting Corporal Injury on the Mother of Defendant's Child, in violation of California Penal Code Section 273.5(a), resulted in a state prison sentence of two years. On November 17, 2003, Defendant sustained a conviction in the same court for Possession of a Controlled Substance in violation of California Health & Safety Code Section 11377(a), for which he received a sentence of eight months. Defendant also has numerous misdemeanor convictions, including a March 7, 2003, conviction in the California Superior Court in San Jose for Stalking in violation of California Penal Code Section 646.9(a) and Violation of a Court Order to Prevent Domestic Violence in violation of California Penal Code Section 273.6(a), for which he received four years probation. Defendant also has a misdemeanor conviction from October 28, 2003, from the California Superior Court in San Jose for Willful Cruelty to a Child in violation of California Penal Code Section 273A(b).

Defendant appeared before Immigration Judge John Williams via video-conference for a deportation hearing on October 12, 2004, and was ordered removed to Mexico. Defendant was physically removed from the United States to Mexico on October 13, 2004.

**C.     Defendant's Post-Miranda Statements**

On December 19, 2007, at 1:45 p.m., Defendant was read his Miranda rights by Border Patrol Agent Luis Martinez. Defendant agreed to waive his rights and speak to agents without an attorney. He admitted to being a citizen and national of Mexico with no documentation to enter or remain in the United States legally. He stated that he was born in Mexico on January 31, 1970. He further admitted that he has been previously deported from the United States at the Calexico Port of Entry. He stated that he was heading to Los Angeles, California to work as a mechanic. Defendant did not state that he entered the United States to obtain medical treatment.

### III

### PERTINENT LAW

**1.     8 U.S.C. § 1326 - DEPORTED ALIEN FOUND IN THE UNITED STATES**

The United States must prove beyond a reasonable doubt that:

1. Defendant is an alien, not a citizen of the United States;
2. Defendant was deported from the United States;
3. After deportation Defendant knowingly and voluntarily entered the United States; and
4. Defendant was found in the United States without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §9.5B (2007); United States v. Salazar-Gonzalez, 458 F.3d 851 (9th Cir. 2006).

### IV

### WITNESSES

The Government reserves the right to add, omit, substitute or change the order of witnesses. Presently, the Government intends to call the following witnesses during its case-in-chief:

1. Agent Timothy Tucciarone, United States Border Patrol
2. Agent Luis Martinez, United States Border Patrol
3. Agent Jorge Salazar, United States Border Patrol
4. C. Maguire, Immigration Enforcement Agent
5. David Beers, Fingerprint Expert

V

**EXHIBIT LIST**

The Government will provide a final exhibit list on the morning of trial. Presently, the Government intends to offer into evidence the following:

Photographs/maps of apprehension area

Notice To Appear (Form I-862)

Order of Removal/Deportation

Warrant of Removal/Deportation (Form I-205)

Record of sworn statement (Form I-215B) from December 19, 2007

Fingerprint Cards

Certificate of Non-Existence of Record

VI

**OTHER LEGAL ISSUES**

A.  **EXPERT TESTIMONY**

The United States intends to call as a witness a fingerprint expert, David Beers, for the purpose of identifying Defendant as the person who was previously deported. Such expert testimony should be admitted to assist the jury in understanding that this Defendant is an alien who was found in the United States after having been deported. See Federal Rule of Evidence 702; United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). The United States has provided written notice of its intention to use expert testimony. This notice also included a written summary of testimony the United States intends to use pursuant to Federal Rules of Evidence 702, 703, and 705, during the trial in the above-referenced criminal matter. Accordingly, such evidence is proper and should be admitted.

**B.     RULE 609 EVIDENCE**

Federal Rule of Evidence 609(a)(1) provides that evidence that an accused has been convicted of a crime "shall be admitted, subject to Rule 403, if the crime was punishable by ... imprisonment in excess of one year ... and ... if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

Defendant was recently convicted of felony infliction of corporal injury on a family member, in violation of California Penal Code § 273.5.  If Defendant chooses to testify, his credibility will be a central issue in the case and Defendant's character for honesty is a factor that should be carefully weighed by the Court.  The importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably be called to testify only if he intended to claim that (1) he was involuntarily brought to this country, (2) he did not have a conscious desire to enter the United States, (3) he was never actually deported, (4) he was not an illegal alien, (5) he had received the permission to re-enter the United States, even though the Department of Homeland Security has no record of such permission being granted, or (6) he entered this country out of extreme necessity.

**C.     A-FILE DOCUMENTS AND WITNESS**

The United States intends to offer documents from the "A-File" maintained by the Department of Homeland Security and its predecessors that corresponds to Defendant's name in order to establish Defendant's alienage, prior deportations, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General.  The documents are self-authenticating "public records," or, alternatively, "business records."  See Fed. R. Evid. 803(8)(B) and 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997).  There, Loyola-Dominguez appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File."  Id. at 1317.  The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation.  Loyola-Dominguez argued that admission of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses.

1  The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as
2  public records. Id. at 1318. The court noted that documents from a defendant's immigration file,
3  although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]'
4  and do not implicate the concerns animating the law enforcement exception to the public records
5  exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)).
6  The court also held that such documents are self-authenticating and, therefore, do not require an
7  independent foundation. Id.
8       While Loyola-Dominguez constitutes a fairly recent restatement of the rules governing public
9  and business records, courts in this Circuit have consistently held that documents from a defendant's
10 immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and
11 prior deportation. See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000)
12 (confirming district court's decision to admit certificate of nonexistence); United States v. Contreras,
13 63 F.3d 852, 857-58 (9th Cir. 1995) (affirming admission of warrant of deportation, deportation
14 order and deportation hearing transcript); United States v. Hernandez-Rojas, 617 F.2d 533, 535 (9th
15 Cir. 1980) (holding that district court properly admitted warrant of deportation as public record);
16 United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (finding that district court
17 properly admitted "certain records and memoranda of the Immigration and Naturalization Service"
18 as business records and noting that such documents would also be admissible as public records).
19      The United States intends to call United States Border Patrol Agent Jorge Salazar in its case
20 in chief. Although Agent Salazar will not give expert opinions based upon specialized knowledge,
21 he will testify regarding documents contained in Defendant's A-File. See Fed. R. Evid. 701 (such
22 testimony is "helpful to a clear understanding of the determination of a fact in issue"); United States
23 v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995) (finding, with regard to testimony in a drug case, that
24 "[t]hese observations are common enough and require such a limited amount of expertise, if any, that
25 they can, indeed, be deemed lay witness opinion"); United States v. Loyola-Dominguez, 125 F.3d
26 1315, 1317 (9th Cir. 1997) (affirming testimony of agent who "served as the conduit through which
27 the government introduced documents from INS' Alien Registry File"). Here, Agent Salazar will
28 testify regarding the purpose of the A-File, what documents are contained within the A-File, and will

explain those documents. Agent Salazar will also testify to results of database searches that he personally conducted to determine whether Defendant applied for or obtained authorization from the Attorney General of the United States to enter into the United States. Such testimony is proper in a Section 1326 case.

## VII

## **PROPOSED VOIR DIRE**

1. Of those of you who have sat on criminal juries, did any of those juries fail to reach a unanimous verdict? How did you feel about that experience?
2. Has anyone had an unpleasant experience with any law enforcement personnel?
3. Has anyone had any disputes with any agency of the United States Government?
4. Does anyone have relatives or close friends who have been investigated, arrested, accused or charged with a crime?
5. Does anyone have relatives or close friends who have been deported or removed?
6. Does anyone have strong feelings about the United States Border Patrol or any other federal agency involved in immigration issues?
7. Does anyone believe that immigration laws are too harsh?
8. Does anyone believe everyone should be allowed to enter the United States, that we should have open borders?
9. Does anyone believe that it should be legal to enter the United States without authorization?
10. Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?
11. Does everyone understand that the laws of the United States equally apply to everyone who enters the United States?
12. Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?
13. Does anyone think that, regardless of the strength of the evidence, they will have trouble deciding whether the Defendant is guilty or not guilty?

1    14.    Does anyone think they cannot decide whether a person is guilty or not guilty?

2    15.    Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

## VIII

## JURY INSTRUCTIONS

The United States will submit proposed jury instructions under separate cover. The United States reserves the right to submit additional instructions at the Fed. R. Crim. P. 30 conference.

DATED: April 4, 2008.

                                      Respectfully submitted,

                                      KAREN P. HEWITT
                                      United States Attorney

                                      /s/***Rebecca Kanter***
                                      REBECCA S. KANTER
                                      /s/***Christina M. McCall***
                                      CHRISTINA M. McCALL
                                      Assistant United States Attorneys
                                      Attorneys for Plaintiff
                                      United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr0365-BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| JAIME ALFONSO ZEVADA-RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Christian De Olivas

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2008.

　　　　　　　　　　　　　　　　　　/s/ *Rebecca Kanter*
　　　　　　　　　　　　　　　　　　REBECCA S. KANTER