KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
CHRISTINA M. McCALL
Assistant United States Attorneys
California Bar Numbers 230257 / 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6747 / 6760
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0365-BTM |
| Plaintiff, | **UNITED STATES' MOTIONS IN LIMINE TO:** |
| v. | **(1) ADMIT EVIDENCE UNDER RULE 609 TO IMPEACH** |
| | **(2) ADMIT A-FILE DOCUMENTS** |
| JAIME ALFONSO ZEVADA-RODRIGUEZ, | **(3) PRECLUDE DEFENDANT FROM CHALLENGING HIS PRIOR ORDER OF DEPORTATION** |
| | **(4) INTRODUCE EXPERT TESTIMONY** |
| Defendant. | **(5) PROHIBIT REFERENCE TO REASON WHY DEFENDANT REENTERED U.S.** |
| | **(6) PROHIBIT REFERENCE TO PRIOR RESIDENCY** |
| | **(7) PROHIBIT REFERENCE TO POTENTIAL PUNISHMENT** |
| | **(8) EXCLUDE WITNESSES** |
| | **(9) PRECLUDE DEFENSE EXPERT WITNESSES** |
| | **(10) PRECLUDE INTRODUCTION OF NECESSITY OR DURESS** |
| | **(11) COMPEL RECIPROCAL DISCOVERY** |
| | Date: April 14, 2008<br>Time: 9:00 a.m.<br>Honorable: Barry T. Moskowitz |

Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Rebecca Kanter and Christina McCall, Assistant United States Attorneys, hereby files its

Motions in Limine. These motions are based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I.**

**STATEMENT OF FACTS**

**A.   Defendant's Criminal and Immigration Record**

Defendant, Jaime Alfonso Zevada-Rodriguez, is a citizen of Mexico. Defendant's prior felony convictions include a January 22, 2003 conviction in California Superior Court, Santa Clara County. That conviction, for Inflicting Corporal Injury on the Mother of Defendant's Child, in violation of California Penal Code Section 273.5(a), resulted in a state prison sentence of two years. On November 17, 2003, Defendant sustained a conviction in the same court for Possession of a Controlled Substance in violation of California Health & Safety Code Section 11377(a), for which he received a sentence of eight months. Defendant also has numerous misdemeanor convictions, including a March 7, 2003, conviction in the California Superior Court in San Jose for Stalking in violation of California Penal Code Section 646.9(a) and Violation of a Court Order to Prevent Domestic Violence in violation of California Penal Code Section 273.6(a), for which he received four years probation. Defendant also has a misdemeanor conviction from October 28, 2003, from the California Superior Court in San Jose for Willful Cruelty to a Child in violation of California Penal Code Section 273A(b).

Defendant was deported from the United States on October 13, 2004, following an immigration judge's order of removal entered on October 12, 2004.

**B.   Apprehension**

On December 19, 2007, at approximately 11:00 a.m., United States Border Patrol Agent Timothy Tucciarone responded to a seismic intrusion sensor near Bell Valley, California, located approximately 4 miles east and ½ mile north of the Tecate Port of Entry. Agent Tucciarone encountered three individuals attempting to hide in the brush. All three subjects, including one later identified as Jaime Alfonso Zevada-Rodriguez ("Defendant"), admitted to being citizens and nationals of Mexico with no documents to be in the United States legally. All three individuals were arrested and transported to the Tecate Processing Center.

At the Tecate Processing Center, a records check revealed that Defendant had a criminal and immigration history.

Agents advised Defendant that his administrative rights no longer applied, and that he was subject to criminal charges. Agent Luis Martinez, informed Defendant, in Spanish, of his rights under <u>Miranda v. Arizona</u>. Defendant agreed to answer questions without an attorney. He admitted to being a citizen and national of Mexico with no documentation to enter or remain in the United States legally. Defendant stated that he was born in Mexico on January 31, 1970. He further admitted that he has been previously deported from the United States at the Calexico Port of Entry. He stated that he was heading to Los Angeles, California to work as a mechanic. Defendant did not state that he entered the United States to obtain medical treatment.

On February 13, 2008, a federal grand jury for the Southern District of California returned a one-count Indictment against Defendant, charging him with being an alien who was found in the United States without the consent of the Attorney General or the Secretary of Homeland Security, after having been previously excluded, deported, or removed, in violation of Title 8 U.S.C. § 1326. The Indictment further alleged that Defendant was removed from the United States subsequent to January 9, 2004, the date of his prior aggravated felony convictions.

## II

## UNITED STATES' MOTIONS IN LIMINE

**A.    THE COURT SHOULD ADMIT 609 EVIDENCE**

Federal Rule of Evidence 609(a)(1) provides that evidence that an accused has been convicted of a crime "shall be admitted, subject to Rule 403, if the crime was punishable by ... imprisonment in excess of one year ... and ... if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

Defendant was recently convicted of felony infliction of corporal injury on a family member, in violation of California Penal Code § 273.5. If Defendant chooses to testify, his credibility will be a central issue in the case and Defendant's character for honesty is a factor that should be carefully weighed by the Court. The importance of Defendant's testimony is crucial in a case such as this, where

Defendant would presumably be called to testify only if he intended to claim that (1) he was involuntarily brought to this country, (2) he did not have a conscious desire to enter the United States, (3) he was never actually deported, (4) he was not an illegal alien, (5) he had received the permission to re-enter the United States, even though the Department of Homeland Security has no record of such permission being granted, or (6) he entered this country out of extreme necessity.

Accordingly, the United States should be allowed to introduce evidence of Defendant's prior felony conviction under Rule 609 if Defendant elects to testify at trial.

**B.     THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

   1.     A-File Documents are Admissible as Public Records or Business Records

The United States intends to offer documents maintained by the former Immigration and Nationalization Service and current Department of Homeland Security pertaining to Defendant. The agency maintains an "A-file" or "Alien-file" on Defendant, which contains documents reflecting most of Defendant's immigration encounters. The United States moves to introduce "A File" documents to establish Defendant's alienage, prior deportation, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General. The documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in United States v. Loyola Dominguez, 125 F.3d 1315 (9th Cir. 1997). In Loyola Dominguez, the defendant appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File." Id. at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. Loyola Dominguez argued that admission of the documents violated the rule against hearsay and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court first noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United

1  States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)).  The court also held that such

2  documents are self-authenticating and, therefore, do not require an independent foundation.  Id.

3        Loyola-Dominguez is simply among the more recent restatements of the public-records and

4  business-records rules.  Courts in this Circuit have consistently held that documents from a defendant's

5  immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior

6  deportation.  See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court

7  properly admitted certificate of nonexistence as absence of a public record); United States v. Sotelo, 109

8  F.3d 1446, 1449 (9th Cir. 1997) (holding warrant of deportation admissible to prove alienage); United

9  States v. Contreras, 63 F.3d 852, 857 (9th Cir. 1995) (district court properly admitted warrant of

10  deportation as public record); United States v. Hernandez-Rojas, 617 F.2d at 535 (district court properly

11  admitted warrant of deportation as public record).

12        2.     A Certificate of Non-existence Does not Violate the Confrontation Clause

13        The United States moves to introduce a Certificate of Non-existence of Record ("CNR"),

14  prepared by an authorized official at the Department of Homeland Security and certifying that there are

15  no records in any of the Department's  databases, files, or archives that Defendant has ever applied for,

16  or been granted, permission to reenter the United States following his deportation.  The Ninth Circuit

17  has held that a CNR is not "testimonial" within the meaning of Crawford v. Washington, 124 S. Ct. 1354

18  (2004) and therefore that its admission into evidence does not violate the Confrontation Clause of the

19  United States Constitution.   See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir.

20  2005); Sotelo, 215 F.3d 1039, 1042-43.

21  **C.**    **THE COURT SHOULD PROHIBIT DEFENDANT FROM COLLATERALLY ATTACKING HIS PRIOR DEPORTATION ORDER AT TRIAL**

22

23        Defendant has not challenged the lawfulness of his prior deportation proceeding.  Thus,

24  Defendant should be barred from raising such issue at trial.  The validity of a prior deportation is a

25  matter of law and not of fact and as such it is up to the judge to make such ruling.  In fact the lawfulness

26  of the prior deportation is not an element of illegal reentry.  The  significant factor is that the Defendant

27  was in fact physically removed from the United States.

28

1  Although a criminal defendant can move to challenge the lawfulness of his prior deportation, this
2  can only happen at the motion stage, not at the trial. In <u>United States v. Alvarado-Delgado</u>, 98 F.3d 492
3  (9th Cir. 1996), the Ninth Circuit held that at trial the government does not have to prove the lawfulness
4  of the prior deportation because lawfulness of the prior deportation is not an element of the offense.
5  The only matter the government must prove is that the defendant was actually deported.

6  Based on the <u>Alvarado-Delgado</u> decision and others like it, any evidence of the lawfulness of the
7  prior deportation is irrelevant since it is not an element of the offense. Because this Court has already
8  denied Defendant's challenge to the validity of his prior deportation, Defendant should not be permitted
9  to attempt to repeat the challenge in front of the jury.

10  **D.     THE COURT SHOULD ADMIT EXPERT TESTIMONY**

11  The United States moves to admit testimony of a fingerprint expert to identify Defendant as the
12  person who was previously deported from the United States on October 13, 2004, and found in the
13  United States on December 19, 2007. The United States provided notice of its intent to call David Beers
14  as an expert and provided Defendant with a summary of Mr. Beers's

15  If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining
16  a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed.
17  R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the
18  facts at issue is within the sound discretion of the trial judge. See <u>United States v. Alonso</u>, 48 F.3d 1536,
19  1539 (9th Cir. 1995); <u>United States v. Lennick</u>, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion
20  may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type
21  reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide
22  opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact.
23  Fed. R. Evid. 704. Here, the fingerprint expert's testimony will assist the triers-of-fact in determining
24  whether the deportation and found-in evidence relate to the individual in the courtroom. Defendant has
25  been provided notice of the United States' expert, his report of conclusions, and a copy of his curriculum
26  vitae.

27  Because the evidence goes to the essential question of identity, this expert testimony should be
28  admitted.

### E.   THE COURT SHOULD PROHIBIT REFERENCE TO WHY THE DEFENDANT REENTERED THE UNITED STATES

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to do so. Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here. The Court should preclude him from doing so. Evidence of <u>why</u> Defendant violated Section 1326 is patently irrelevant to the question of <u>whether</u> he did so -- the only material issue in this case. Rule 401 defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 states that evidence "which is not relevant is not admissible." Fed. R. Evid. 402. Here, the reason why Defendant reentered the United States, and his belief that he was justified in doing so, is irrelevant to whether he violated Section 1326. Likewise, the reason why Defendant was in the United States, and his belief that he was justified in being here, is irrelevant.

The case of <u>United States v. Komisaruk</u>, 885 F.2d 490 (9th Cir. 1980), is illustrative. Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer. <u>Id.</u> at 491. On appeal, she argued that the district court erred in granting the government's motions *in limine* to preclude her from introducing her "political, religious, or moral beliefs" at trial. <u>Id.</u> at 492. In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief that the Air Force computer was illegal under international law, and that she was otherwise morally and legally justified in her actions. <u>Id.</u> at 492-93. The district court held that her "personal disagreement with national defense policies could not be used to establish a legal justification for violating federal law nor as a negative defense to the government's proof of the elements of the charged crime," <u>id.</u> at 492, and the Ninth Circuit affirmed. Similarly here, the reason why Defendant reentered the United States and his belief that he was entitled to do so, and the reason why he was in the United States and his belief that he was entitled to be here, are irrelevant to any fact at issue in this case.

//
//

**F.     THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY**

The Court should preclude Defendant from introducing evidence at trial of any former residence in the United States, legal or illegal. Such evidence is not only prejudicial, but irrelevant and contrary to Congressional intent.

In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993) overruled on other grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), the district court granted the United States' motion *in limine* to preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. The Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant. Id.

Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion in limine to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution. Id. at 711. Specifically, she sought to introduce evidence of the involuntariness of her initial residence; her continuous residency since childhood; her fluency in the English language; and the legal residence of immediate family members. Id. at 712. The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under § 1326." Id. The court also noted that admission of the evidence would run "contrary to the intent of Congress," because "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported." Id. Therefore, the court held, "[a]llowing her to present the defense now would run contrary to Congress' intent." Id. In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries." Id. (emphasis added).

Accordingly, evidence to residency, U.S. citizen children and spouses, and difficulty of surviving in Mexico should be precluded.

**G.     MOTION TO EXCLUDE EVIDENCE AND ARGUMENT REFERRING TO DEFENDANT'S AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

"Evidence which is not relevant is not admissible," (Fed. R. Evid. 402), and the jury should "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." Ninth Cir. Model


Jury Instructions, § 3.1 (2003).  Here, it is anticipated that Defendant may attempt to introduce evidence about his family circumstances or medical condition.  This information is irrelevant to this case and should be excluded.  Such evidence is not only irrelevant and unfairly prejudicial, but a blatant play for sympathy and jury nullification as well.

Defense counsel may wish to mention Defendant's potential penalties to the jury.  Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided.  See United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995); United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991).  In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt.  9th Cir. Crim. Jury Instr. §7.4 (2003).  Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudice against the United States.

The United States respectfully requests this Court to preclude any mention of possible penalty and/or felony designation at any point during the trial.

**H.    THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial.  The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

**I.    THE COURT SHOULD PRECLUDE ANY EXPERT TESTIMONY BY DEFENSE WITNESSES**

The United States has requested reciprocal discovery.  The United States is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.  Moreover, Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of

the Federal Rules of Evidence as evidence at trial. The summaries are to describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Defendant has provided neither notice of any expert witness, nor any reports by expert witnesses. Accordingly, Defendant should not be permitted to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

**J.     THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS AND NECESSITY**

A district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992)(Internal quotation omitted.)

In order to rely on a defense of duress, Defendant must establish a prima facie case that:

(1)   Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2)   Defendant had a well-grounded fear that the threat would be carried out; and

(3)   There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d 994, 997. If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense. See, e.g., Bailey, 444 U.S. 394, 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1)   that he was faced with a choice of evils and chose the lesser evil;

(2)   that he acted to prevent imminent harm;

(3)   that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

1      (4)    that there was no other legal alternatives to violating the law.

2 See Schoon, 971 F.2d 193, 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court

3 may preclude invocation of the defense if "proof is deficient with regard to any of the four elements."

4 See Schoon, 971 F.2d at 195 (Internal quotations omitted.)

5     The United States hereby moves for an evidentiary ruling precluding defense counsel from

6 making any comments during the opening statement or the case-in-chief that relate to any purported

7 defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing

8 satisfying each and every element of the defense. The United States respectfully requests that the Court

9 rule on this issue prior to opening statements to avoid the prejudice, confusion, and an invitation for jury

10 nullification that would result from such comments.

11 **K.**    **UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY**

12     The Court granted the United States' request for reciprocal discovery. As of the date of these

13 motions, Defendant has produced no reciprocal discovery. The United States requests that Defendant

14 comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires

15 the production of prior statements of <u>all</u> witnesses, except for those of Defendant. Defendant has not

16 provided the United States with any documents or statements. Accordingly, the United States intends

17 to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the

18 United States.

19                           **III**

20                         **CONCLUSION**

21     For the foregoing reasons, the United States respectfully asks that the Court grant its motions.

22 DATED: April 10, 2008

23                           Respectfully submitted,

24                           KAREN P. HEWITT
                            United States Attorney

25

26                           ***/s/ Christina M. McCall***

27                           CHRISTINA M. McCALL
                            Assistant U.S. Attorney

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　　v.<br>JAIME ALFONSO ZEVADA-RODRIGUEZ,<br>　　　　　Defendant. | Case No. 08CR0365-BTM<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Christian DeOlivas.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 10, 2008.

　　　　　　　　　　　　　　　　　　　/s/ Christina M. McCall
　　　　　　　　　　　　　　　　　　　CHRISTINA M. McCALL